# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J. P. by and through his guardian ad litem LORENZA RAMIREZ,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 10-05553-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On July 30, 2010, Plaintiff J.P., by and through his guardian ad litem, Lorenza Ramirez, filed a complaint seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security child survivor benefits. The Commissioner filed an Answer on February 3, 2011. On May 16, 2011, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

## BACKGROUND

Claimant Jevon A. Pratt ("Claimant" or "Plaintiff" or "J.P.") is stated to be the minor child of the deceased wage earner, Jerome Anthony Pratt. The application for survivor's benefits filed on his behalf was denied initially on June 14, 2006, and on reconsideration on August 10, 2006. (AR 16.) Claimant's mother, Lorenza Ramirez, then timely requested a hearing. She failed to appear for a hearing scheduled on July 10, 2007, because she was ill but appeared and testified at a hearing held on January 14, 2008, in Pasadena, California. (AR 16.) She was not represented by counsel. (AR 16.)

Administrative Law Judge ("ALJ") Richard Urban issued a decision on January 24, 2008, finding that J.P. is not entitled to Social Security survivor's benefits. (AR 16-19.) The Appeals Council denied the request for review on April 28, 2010. (AR 6-10.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the only issue Plaintiff raises as a ground for reversal and remand is as follows:

1. Whether the ALJ properly considered application of California law to the issue of paternity presented.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla' . . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

Plaintiff contends that he is entitled to Social Security child survivor benefits because he would inherit his father's personal property under state intestacy law, one of the methods for qualifying for survivor benefits under the Social Security Act. The Court disagrees.

The Social Security Act conditions the eligibility of children born out of wedlock to survivorship benefits on a showing that the applicant is under 18 years of age and "dependent, within the meaning of the statute, at the time of the parents' death." 42 U.S.C. § 402(d)(1). Mathews v. Lucas, 427 U.S. 495, 497-98 (1976). Certain children, however, need not prove actual dependency but will be deemed or presumed dependent if the wage earner parent at this death was living with or contributing to the support of the child. 42 U.S.C. § 402(d)(3); Mathews, 427 U.S. at 498.

Additionally, any child who would be entitled to inherit the wage earner parent's estate under applicable state intestacy law is considered to be dependent. Mathews, 427 U.S. at 498, 514. Section 416(e) defines a child. Section 416(h)(2)(A) provides that in determining whether an applicant is a child the Commissioner will apply state intestacy law. Section 416(h)(3) provides that, if state intestacy law is inapplicable, the applicant must prove that the insured parent has acknowledged the child as his, a court decree has done so or a court has ordered support. Also, Section 402(d)(3) provides that a child deemed to be a child pursuant to Section 416(h)(2) or 416(h)(3) shall be deemed to be legitimate and therefore dependent.

3

The facts of this case are not in dispute. All parties agree that Jevon is the natural child of Jerome Anthony Pratt. Subsequent to the ALJ hearing, Plaintiff presented DNA evidence to the Appeals Council establishing Pratt's paternity with 99.999% probability. (AR 6.) The Commissioner does not contest that Jevon is Pratt's son. Also undisputed, however, is that he never married Lorenza Ramirez and never received Jevon into his home, held him out as his child, or provided any support for him. There was no actual dependency.

All parties agree that Jevon is not eligible for survivorship benefits under Section 416(h)(3). Plaintiff, however, contends that Jevon meets the safe harbor state law intestacy provision of Section 416(h)(2)(A).

The relevant California intestacy statutes are found in California Probate Code Section 6450 et seq. Section 6450 provides that a relationship of parent and child exists for the purpose of intestate succession where "[t]he relationship of parent and child exists between a person and the person's <u>natural parents</u>, regardless of the marital status of the parents." (Emphasis added.) For purposes of determining whether a person is a "natural parent," Section 6453 provides:

> (a) A natural parent and child relationship is established where that relationship is presumed and not rebutted by the Uniform Percentage Act (Part 3 (commencing with Section 7600) of Division 12 of the Family Code.)
>
> (b) A natural parent and child relationship is established pursuant to any other provisions of the Uniform Percentage Act, except that the relationship may not be established by an action under subdivision (c) of Section 7630 of the Family Code unless any of the following conditions exist:
>
> > (1) A court order was entered during the father's lifetime declaring paternity.

4

              (2) Paternity is established by clear and convincing evidence

              that the father has openly held out the child as his own.

              (3) It was impossible for the father to hold out the child as

              his own and paternity is established by clear and convincing

              evidence.

          (c) A natural parent and child relationship is established pursuant

              to Section 249.5.

Both the ALJ and the Appeals Council determined that Plaintiff does not meet the requirements of the Uniform Parentage Act for establishing a natural parent and child relationship. (AR 6, 17.) The Uniform Parentage Act is found at Section 7600 et seq. of the California Family Code. Section 7611 provides that a man is presumed to be the natural father of a child if he meets the conditions in Section 7540 (cohabitation) or 7570 (voluntary paternity declaration) or there was an attempted or invalid marriage, or the father received the child into his home and held him out as his own. The ALJ correctly determined that factually Jevon's father does not meet any of the requirements of Section 7611. (AR 17.) Plaintiff does not contest the ALJ's analysis.

Plaintiff, however, argues that Probate Code Section 6453 and Family Code Section 7611 are not determinative. He claims to be seeking a paternity determination pursuant to California Family Code Section 7500 et seq., which is the Uniform Act On Blood Tests To Determine Paternity. Section 7551 authorizes a court to order genetic tests in a civil action or proceeding" in which paternity is a relevant fact. Section 7555(a) establishes a rebuttal presumption of paternity if the Court finds the paternity index is 100 or greater. Plaintiff's DNA evidence submitted to the Appeals Council would satisfy that criterion.

Section 7500-7558, however, is not part of the Uniform Percentage Act. Section 6453, the State intestacy law, requires determinations of the existence of a natural parent and child relationship to be established pursuant to the Uniform Parentage Act. Plaintiff does not explain how Section 7555(a) bears on the intestacy statute or would override Probate

Code Section 6453 and Family Code Section 7611. Paternity is not what is in dispute but its legal sufficiency.

The California Court of Appeal, moreover, has rejected Plaintiff's argument that proof of paternity is all that is needed to establish intestacy rights. Estate of Burden, 146 Cal. App. 4th 1021, 1030 (2007). Burden begins by noting that Section 6450 et seq. "contains the rules for determining whether there is a parent -child relationship for purposes of inheritance by intestate succession." Id. at 1026. The Court then observed that it need not determine if there was error in admitting DNA evidence because the right to intestate succession does not turn on a judicial determination of paternity but rather on whether the father acknowledged the child. Id. at 1030. Burden also cited another California case, Estate of Sanders, 2 Cal.4th 462, 471 (1992), which denied a request for DNA testing, holding that by its very language Section 6453(b)(2) "does not provide any alternative means of establishing a natural parent-child relationship or paternity." Although these cases do not address Section 6453(a), their reasoning would be equally applicable and they support the Court's basic conclusion that Section 6453 does not permit any other alternative than reliance on the Uniform Parentage Act for establishing the natural parent-child relationship. Paternity and DNA evidence of paternity by itself is not a means for doing so. Section 7555(a) is not part of the Uniform Percentage Act. DNA evidence to prove paternity under Family Code Section 7555(a) may be relevant to establish custody or support during the father's lifetime but it is not a sufficient basis by itself for establishing intestate succession under Section 6453.

Plaintiff's argument that paternity is a "relevant fact" in this proceeding is not the case. Paternity is not by itself sufficient to establish a natural parent-child relationship under California law. This Court's conclusion is consistent with a recent Ninth Circuit decision which, in denying survivorship benefits to a posthumously conceived child, observed, "California law does not equate natural parent status with biological parenthood such that a mere biological relationship is sufficient under California law to grant status as a natural parent." Vernoff v. Astrue, 568 F.3d 1102, 1108 (9th Cir. 2009).

The ALJ decision and Appeals Council decision were based on substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing the case with prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: May 31, 2011 */s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE